UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
DAREN MAAS,

              Plaintiff,

   -against-

VERIZON NEW YORK, INC.,

              Defendant.
------------------------------------------------------- X

Civil Action No. 23-cv-04147

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. The following documents and information shall be designated as "Confidential Information" provided such documents are not public:

    (a) Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.
    (b) Sensitive Personal Data, such as personal identifiers, financial information, tax records, employer personnel records, and employer internal investigation records.
    (c) Medical and Legal Records, including medical files and reports.
    (d) Non-public criminal history.
    (e) Any other category of information which this Court subsequently affords confidential status.

2. If any party believes a document not described in the above paragraph should nevertheless be considered confidential, the parties shall meet and confer to discuss such designation, and should the matter not be resolved, the party seeking a confidentiality designation may make application to the Court pursuant to Fed. R. Civ. P. 26(c). Such application shall only be granted for good cause shown.

3. An attorney for the producing party shall designate documents or parts thereof described hereinabove as Confidential Information by stamping the word "Confidential" on each page.
    (a) If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses,

mark such appendices "Confidential," and incorporate by reference the appended material into the responses.

  (b) At the time of a deposition or within 30 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph 1 above.  If so designated after the transcript is received, this designation shall be in writing and served upon all counsel.   Transcripts will be treated as confidential for this 30-day period.  Any portions of a transcript designated Confidential shall thereafter be treated as confidential in accordance with this Order.  The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential" by the reporter.

  4. Confidential Information designated "Confidential" shall be shown only to the following: (a) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter; and Defendant's in-house counsel and such counsel's paralegal, and legal assistant/secretary; (b) the parties to this action, their insurers, and counsel to their insurers; (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter; (d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints; (e) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action; (f) actual or proposed witnesses who a Party in good faith believes may be called to testify at trial or deposition in this matter; (g) stenographers engaged to transcribe depositions the Parties conduct in this action; and (h) this Court, including any appellate court, its support personnel, court reporters, and any jurors called to serve at trial.  Each person who is permitted to see Confidential Information shall first be shown a copy of this Order and shall further be advised of the obligation to honor the Confidential designation.  Before Confidential Information is shown to experts, actual witnesses, or proposed witnesses, each person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.  If such person refuses to sign a document substantially in the form of Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.  The parties agree that any discovery material produced in this litigation and designated as Confidential may only be used or disclosed in connection with this litigation.

  5. An attorney for the producing party shall designate the Confidential Information or parts thereof described hereinabove at paragraph 1(a), (c) or (d) as Confidential – Attorneys' Eyes Only by stamping the phrase "Confidential – Attorneys' Eyes Only" on each page.  For purposes of this paragraph, "attorneys' eyes only" includes in-house counsel for Defendant.

  (a) If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "Confidential – Attorneys' Eyes Only," and incorporate by reference the appended material into the responses.

  (b)

  (c) At the time of a deposition or within 30 days after receipt of the deposition transcript, a party may designate as Confidential – Attorneys' Eyes Only specific

portions of the transcript which contain confidential-attorneys' eyes only matters under the standards set forth in paragraph 5 above. If so designated after the transcript is received, this designation shall be in writing and served upon all counsel. Transcripts will be treated as confidential – attorneys' eyes only for this 30-day period. Any portions of a transcript designated Confidential – Attorneys' Eyes Only shall thereafter be treated as confidential – attorneys' eyes only in accordance with this Order. The confidential – attorneys' eyes only portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential – Attorneys' Eyes Only" by the reporter.

6. Confidential Information designated "Confidential – Attorneys' Eyes Only" shall be shown only to the following: (a) counsel retained specifically for this action, and such counsel's paralegal, and legal assistant/secretary; and Defendant's in-house counsel and such counsel's paralegal, and legal assistant/secretary; (b) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints; (c) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided that the Party seeking to disclose the document or information provide notice to the opposing Party at least seven (7) days prior to disclosure and permit the opposing Party to object; (d) stenographers engaged to transcribe depositions the Parties conduct in this action; (e) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;; and (f) this Court, including any appellate court, its support personnel, court reporters, and any jurors called to serve at trial. Each paralegal and legal assistant/secretary who the parties agree is permitted to see Confidential – Attorneys' Eyes Only documents and information shall first be shown a copy of this Order and shall further be advised of the obligation to honor the Confidential – Attorneys' Eyes Only designation. Before Confidential – Attorneys' Eyes Only documents and information are shown to expert witnesses each person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A. If such person refuses to sign a document substantially in the form of Exhibit A, the party desiring to disclose such Confidential Information may seek appropriate relief from the Court. The parties agree that any discovery material produced in this litigation and designated as Confidential – Attorneys' Eyes Only may only be used or disclosed in connection with this litigation.

7. Review of documents and information designated as Confidential or Confidential – Attorneys' Eyes Only by counsel, experts, or consultants for the Parties in the litigation shall not waive the confidentiality of the documents or objections to production. Nothing in this Order (a) deprives a Party of any right to object to discovery by any other Party or on any otherwise permitted ground; or (b) constitutes an admission by any Party that any document or information designated as Confidential or Confidential – Attorneys' Eyes Only is relevant or admissible. Each Party reserves the right to object to the use or admissibility of any such document or information.

8. The inadvertent, unintentional, or in camera disclosure of a document or information designated Confidential or Confidential – Attorneys' Eyes Only shall not be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. If at any time prior to trial, a producing Party realizes that some portion(s) of the discovery material that the Party produced

should be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" the Party may so designate by apprising all Parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as Confidential or Confidential – Attorneys' Eyes Only under this Order.

9. If a Party believes that a document or information designated or sought to be designated Confidential or Confidential – Attorneys' Eyes Only by the producing Party does not warrant such designation, the Party shall first make a good faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the Parties, either Party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the Party seeking the designation to demonstrate that such designation is proper.

10. If any court filing incorporates Confidential or Confidential – Attorneys' Eyes Only Information or would reveal its specific contents beyond a general description, the portions of such filing shall be delivered to the Court in a sealed envelope prominently bearing the caption of this action and the label "Confidential. Filed Under Seal." Counsel shall file under seal those and only those specific documents and that deposition testimony designated Confidential or Confidential – Attorneys' Eyes Only, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the specific details of such Confidential Information, unless independent good cause is demonstrated.

11. Within 60 days of the final disposition of this action, including all appeals, all material designated Confidential or Confidential – Attorneys' Eyes Only shall be returned to the producing Party or destroyed by the recipients if so requested by the producing Party. In such event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the producing Party that affirms it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Information. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of any pleadings, discovery materials and document productions, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

12. In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing Party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

13. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential or Attorneys' Eyes Only Information is produced or disclosed.

14. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

SO STIPULATED AND AGREED

| | |
|---|---|
| *Laine Alida Armstrong* | /s/Howard M. Wexler |
| Laine A. Armstrong | Howard M. Wexler |
| ADVOCATES FOR JUSTICE | SEYFARTH SHAW LLP |
| 225 Broadway, Suite 1902 | 620 Eighth Avenue, 32nd Floor |
| New York, New York 10007 | New York, New York 10018 |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| | |
| Dated: August 13, 2024 | Dated: August 15, 2024 |

SO ORDERED.

Dated: 8/19/2024

Hon. Vernon S. Broderick, U.S.D.J.

## **AGREEMENT**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____

_____

Signed in the presence of:

_____

*Attorney*